# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>  Plaintiff,<br><br>  v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>  Defendants. | Case No. 6:20-cv-00481-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

    A. The Complaint ............................................................................................................ 2

    B. The '800 Patent .......................................................................................................... 2

    C. The Accused Products ............................................................................................... 4

III. LEGAL STANDARD ..............................................................................................................4

    A. Direct Infringement ................................................................................................... 4

    B. Induced and Contributory Infringement .................................................................. 5

IV. ARGUMENT ...........................................................................................................................6

    A. Plaintiff Fails to State a Claim for Direct Infringement ........................................... 6

    B. Plaintiff Fails to State a Claim for Induced and Contributory Infringement ........................................................................................................... 7

        1. Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement ................................................................................................... 7

        2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement ................................................................................................... 8

        3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement ................................................................................................... 9

        4. Plaintiff Fails to Allege the Requisite Lack of Substantial Noninfringing Uses for Contributory Infringement ................................. 10

    C. Plaintiff Failed to Allege Personal Jurisdiction and Venue ................................. 11

V. CONCLUSION ......................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ....................................................................................5, 10

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...................................5, 10

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..........................8, 9

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ....................................................................................10, 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................................4

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) ..............................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................................4

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012) ....................................................................................9

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ...............................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015) ..........................................................................................................5, 8

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .........................................................................4

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) .......................................10

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ................................................................................................9

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
909 F.3d 398 (Fed. Cir. 2018) ...............................................................................................5, 7

## TABLE OF AUTHORITIES
## (continued)

Page(s)

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010)..........................................................................................5

*Garcia v. Thor Motor Coach, Inc.*,
  No. 16-20230-CIV, 2016 WL 9376014 (S.D. Fla. Oct. 13, 2016), *report and recommendation adopted,* No. 16-20230-CIV, 2017 WL 3112818
  (S.D. Fla. Jan. 31, 2017) ................................................................................................11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)..........................................................................................................5

*Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*,
  No. 17-1986-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018)..................................................6

*Hypermedia Navigation LLC v. Google LLC*,
  No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)....................................10

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
  870 F.3d 1320 (Fed. Cir. 2017)......................................................................................5, 7

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ............................................................................................4

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).........................9, 10

*Parus Holdings Inc. v. Apple Inc.*,
  No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54
  (W.D. Tex. Feb. 20, 2020) .............................................................................................8, 9

*Proxyconn Inc. v. Microsoft Corp.*,
  No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012)......................9

*Smith v. Iowa State Repub. Party*,
  No. SA-07-CA-668-XR, 2007 WL 9751549 (W.D. Tex. Oct. 16, 2007), *aff'd,*
  293 F. App'x 246 (5th Cir. 2008) ......................................................................................11

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010)..................................................................................9

## I.  INTRODUCTION

The Complaint should be dismissed because it fails to plausibly allege that Defendants Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. (collectively, "Defendants") have directly and indirectly infringed the claims of U.S. Patent No. 9,164,800 (the "'800 patent"), which generally relate to assigning compute nodes (that process data) to data nodes (that store data) based on a latency cost.

Plaintiff WSOU Investments, LLC fails to plausibly state a claim for direct infringement because Plaintiff has not alleged that Defendants' accused products have met each and every limitation of the claims.  For instance, the claims require "applying an algorithm" to "determin[e] an assignment objective" for these compute nodes and data nodes specifically "based on a latency cost."  In the Complaint, however, Plaintiff fails to allege that the accused products ever apply an algorithm for this particular purpose.  Instead, Plaintiff offers only a vague allegation that the accused products may use "algorithms" that "can create assignments to migrate and optimize resources."   D.I. 1 ¶ 21.   But Plaintiff never alleges that these algorithms determine any "assignment objectives," let alone ones based on latency cost as the '800 patent claims require.

Plaintiff's conclusory indirect infringement allegations also should be dismissed.  For instance, they are based on Defendants' purported knowledge of the patent only as of the date of service of the Complaint, which repeatedly has been held insufficient to meet the *Iqbal/Twombly* standard.  Plaintiff also fails to allege other key legal requirements, including specific intent for induced infringement and the lack of substantial noninfringing uses for contributory infringement.

Finally, the Complaint lacks *any* allegation that the Court has personal jurisdiction over any of the Defendants in this case, or that venue is proper.  The Complaint should be dismissed for this additional basis.

1

## II. BACKGROUND

### A. The Complaint

On June 2, 2020, Plaintiff filed the Complaint. D.I. 1. Plaintiff failed to plead that this Court has personal jurisdiction over any of the Defendants, and that venue for this case is proper.

### B. The '800 Patent

Plaintiff asserts that Defendants directly and indirectly infringe at least claim 1 of the '800 patent. *Id.* ¶¶ 22–23, 25–26. Claim 1 recites:

> A method performed by a cloud controller for assigning compute nodes to data nodes, the method comprising:
>
> obtaining, by the cloud controller, a set of compute nodes, a set of data nodes, and a set of edges between compute nodes and data nodes;
>
> **determining an assignment objective** to be achieved in assigning compute nodes from the set of compute nodes to data nodes from the set of data nodes; and
>
> assigning a compute node of the set of compute nodes to a data node of the set of data nodes based on the assignment objective and a plurality of costs associated with the set of edges;
>
> **wherein the assignment objective is based on a latency cost used in obtaining a set of assignments by applying an algorithm**.

'800 patent, 15:23–37 (emphasis added).

The '800 patent generally relates to assigning a compute node to a data node in a network, where the nodes are connected by "edges." *Id.* at 1:30–32; 6:49–54. A "compute node," "process[es] data," and a "data node" stores data. *Id.*; *see also id.* at 6:9–11. In Figure 2 below, compute nodes are labeled with a "C" and data nodes are labeled with a "D." *Id.* at 6:30–47. The lines connecting the nodes are "edges." *Id.* at 6:49–54.



FIG. 2

The '800 patent claims involve a "cloud controller" that makes this assignment according to a determined "assignment objective," or "optimization constraint," that is based on a "latency cost." *Id.* at 7:10–8:54. The patent explains that "latency" is the "network distance" between the two nodes that is associated with the "edges." *Id.* at 6:52–54. The patent further explains that latency may be minimized by assigning compute nodes and data nodes that are "closer" to each other "in terms of geographic or network distance." *Id.* 1:25–29; 6:18–21, 6:23–29.

In Figure 2, the latency cost of assigning a compute node to a data node is signified by a numerical value at the lines between the compute nodes and data nodes, *e.g.*, 2, 12, 8, 13. According to the claims, an assignment objective is determined by "applying an algorithm" to "generate an optimum set of assignments." *Id.* at 8:35–37. The specification states that practically any "known assignment algorithm" can be used. *Id.* at 9:2–4. The patent identifies a number of possible "assignment objectives" that relate to "minimizing a total latency, minimizing a maximum latency, [and] minimizing a total latency within a limit on maximum latency." *Id.* at 7:10–17. For instance, minimizing total latency within a limit on maximum latency may involve "avoid[ing] selecting an edge that violates the limit while minimizing the total latency." *Id.* at 7:34–38.

3

### C. The Accused Products

Plaintiff alleges that Defendants' products "incorporating VMware's VeloCloud solutions and vSphere software, such as Dell's PowerEdge servers and VxRail appliances" (the "Accused Products") infringe the '800 patent claims.  D.I. 1 ¶ 11.  Plaintiff alleges that the Accused Products "allow administration of hybrid cloud environments and provide resource management." *Id.* ¶ 12. Other than naming "VMware's VeloCloud solutions" a single time in Paragraph 11 of the Complaint, Plaintiff provides no factual allegations concerning VeloCloud specifically.

## III. LEGAL STANDARD

### A. Direct Infringement

A complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim").  For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

4

### B.    Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party.  *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both contributory and induced infringement, Plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement."  *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014).   The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer.  *Affinity Labs*, 2014 WL 2892285, at *7, 21.  Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention."  *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

IV.     **ARGUMENT**

     A.     **Plaintiff Fails to State a Claim for Direct Infringement**

Plaintiff fails to plausibly allege that the Accused Products meet each and every limitation of the '800 patent claims, including the key limitation requiring the "appl[ication of] an algorithm" to "determin[e] an assignment objective" specifically "based on a latency cost."

The *Iqbal/Twombly* standard requires more than a bare-bones allegation that alleged products, like those involving the particular technology in this case, "meet each and every element of at least one claim of the asserted patent." *See, e.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018) (granting dismissal as to patent claims involving "hardware and software" technology relating to a "transaction receipt system," and holding that "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *see also Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1986-LPS, 2018 WL 5669168, at *11 (D. Del. Nov. 1, 2018) ("In order to adequately plead direct (and indirect and willful) infringement, a plaintiff needs to have pleaded facts that plausibly indicate that the accused products contain *each of the limitations* found in the claim." (emphasis added)).

Here, the claim limitation of "applying an algorithm" to "determine an assignment objective" specifically based on a "latency cost" is particularly significant because, during prosecution, the applicant added this limitation to overcome an obviousness rejection and obtain allowance. Rosenthal Decl., Ex. A (4/13/15 Response and Amendment) at 1, 13. Yet, in the Complaint, Plaintiff never alleges that the Accused Products meet this key limitation. At most, Plaintiff vaguely states that "algorithms such as vMotion in the Accused Products can create

6

assignments to migrate and optimize resources." D.I. 1 ¶ 21. But Plaintiff never alleges that these algorithms (or any other algorithm) are used to determine assignment objectives *based on latency cost*, as specifically claimed. Nor does Plaintiff's website screenshot suggest that the Accused Products use an algorithm for this purpose. *Id.* And other than mentioning vMotion in this single paragraph, Plaintiff never explains its relation to any of the other features of the Accused Products broadly referred to in the Complaint.

Thus, because Plaintiff fails to plausibly allege that Defendants have met each and every limitation of the '800 patent claims, Plaintiff's claim for direct infringement should be dismissed.

### B. Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are also deficient and should be dismissed. As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement. Beyond that failing, Plaintiff has failed to plead any knowledge of the patent or knowledge of infringement *prior* to the filing of this action. Plaintiff also fails to plead a specific intent to induce infringement. And, Plaintiff has not pled, and cannot plead, that there are no substantial noninfringing uses. Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

#### 1. Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement. *See supra* § IV.A. It is axiomatic that "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement . . . ." *Enplas*, 909 F.3d at 407 (citations omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement

. . . ."). As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims also fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require **pre-suit** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegation of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '800 Patent *since at least the date of service of this Complaint*." D.I. 1 ¶ 24 (emphasis added).[1]  This Court has rejected identical allegations of knowledge. For example, in *Parus* this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent *since at least the filing of the original complaint*." *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) (emphasis added), ¶ 44; *see id.*, at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020)

---

[1] Plaintiff's allegation of knowledge of infringement is likewise deficient as it alleges such knowledge only "[s]ince at least the date of service of this Complaint." D.I. 1 ¶¶ 25–26; *see, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent" (D.I. 28 (Amended Compl.), ¶ 44)).

8

(dismissing indirect infringement claims). Like the allegations in *Parus*, Plaintiff fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *Aguirre*, 2011 WL 2471299, at *3; *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("Also, because notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement.").[2]

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)) (emphasis added). Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising and promotional materials and some website citations. *See* D.I. 1 ¶ 25. Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged

---

[2] Other courts similarly have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11–04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Brandywine*, 912 F. Supp. 2d at 1345 ("The weight of authority addressing the knowledge required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.").

acts infringed, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the '800 patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[3]

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

### 4. Plaintiff Fails to Allege the Requisite Lack of Substantial Noninfringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). Plaintiff has not done so and cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* D.I. 1 ¶ 26. As the Federal Circuit held

---

[3] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

in *Artrip,* conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial noninfringing uses and materiality is fatal to its contributory infringement claim, and as such it should be dismissed.

### C. Plaintiff Failed to Allege Personal Jurisdiction and Venue

The Complaint is bereft of any allegation that the Court has personal jurisdiction over Defendants in this action, and venue is proper. On this independent basis, the Complaint should be dismissed. *See Smith v. Iowa State Repub. Party*, No. SA-07-CA-668-XR, 2007 WL 9751549, at *1 (W.D. Tex. Oct. 16, 2007), *aff'd*, 293 F. App'x 246 (5th Cir. 2008) (granting dismissal where the plaintiff failed to adequately plead personal jurisdiction and venue); *see also Garcia v. Thor Motor Coach, Inc.*, No. 16-20230-CIV, 2016 WL 9376014, at *6 (S.D. Fla. Oct. 13, 2016), *report and recommendation adopted*, No. 16-20230-CIV, 2017 WL 3112818 (S.D. Fla. Jan. 31, 2017) ("[The plaintiff's] existing Complaint . . . makes no allegations about venue whatsoever, nor does it contain allegations about whether [the defendant] is subject to the Court's personal jurisdiction. Therefore, the Court cannot determine from the pleading itself whether venue is proper here."). "Given that the Complaint is silent on venue" and personal jurisdiction, "it is deficient and subject to dismissal." *Garcia*, 2016 WL 9376014, at *6.

### V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend. Dismissal also should be granted for the additional reason that Plaintiff

has failed to plead personal jurisdiction and venue. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  October 5, 2020                    By:  */s/ Barry K. Shelton*
                                                Barry K. Shelton
                                                Texas State Bar No. 24055029
                                                bshelton@sheltoncoburn.com
                                                **SHELTON COBURN LLP**
                                                311 RR 620, Suite 205
                                                Austin, TX  78734-4775
                                                Telephone:  512.263.2165
                                                Facsimile:  512.263.2166

                                                Benjamin Hershkowitz
                                                bhershkowitz@gibsondunn.com
                                                Brian A. Rosenthal
                                                brosenthal@gibsondunn.com
                                                Allen Kathir
                                                akathir@gibsondunn.com
                                                Kyanna Sabanoglu
                                                ksabanoglu@gibsondunn.com
                                                **GIBSON, DUNN & CRUTCHER LLP**
                                                200 Park Avenue
                                                New York, NY  10166-0193
                                                Telephone:  212.351.4000
                                                Facsimile:  212.351.4035

                                                Y. Ernest Hsin
                                                ehsin@gibsondunn.com
                                                Jaysen S. Chung
                                                jschung@gibsondunn.com
                                                **GIBSON, DUNN & CRUTCHER LLP**
                                                555 Mission Street, Suite 3000
                                                San Francisco, CA  94105-0921
                                                Telephone:  415.393.8200
                                                Facsimile:  415.393.8306

                                                Ryan K. Iwahashi
                                                riwahashi@gibsondunn.com
                                                **GIBSON, DUNN & CRUTCHER LLP**
                                                1881 Page Mill Road
                                                Palo Alto, CA  94304-1211
                                                Telephone:  650.849.5300
                                                Facsimile:  650.849.5333

                                                *Attorneys for Defendants*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of October 2020, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service:

>Brett Aaron Mangrum, Attorney for WSOU
>brett@etheridgelaw.com
>
>Jeffrey Huang, Attorney for WSOU
>jhuang@etheridgelaw.com
>
>Ryan Scott Loveless, Attorney for WSOU
>ryan@etheridgelaw.com
>
>Travis Lee Richins, Attorney for WSOU
>travis@etheridgelaw.com
>
>James L. Etheridge, Attorney for WSOU
>jim@etheridgelaw.com

>>*/s/ Barry K. Shelton*
>>Barry K. Shelton