**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>       Plaintiff,<br><br>   v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>       Defendants. | Case No. 6:20-cv-00481-ADA<br><br>**JURY TRIAL DEMANDED** |

<u>**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM**</u>

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ....................................................................................................1

II.   BACKGROUND ......................................................................................................2

    A.    The Amended Complaint ..............................................................................2

    B.    The '800 Patent ...........................................................................................2

    C.    Plaintiff's Infringement Allegations ............................................................4

III.  LEGAL STANDARD................................................................................................5

    A.    Direct Infringement .....................................................................................5

    B.    Induced and Contributory Infringement .....................................................5

IV.   ARGUMENT ............................................................................................................6

    A.    Plaintiff Fails to State a Claim for Direct Infringement .............................6

    B.    Plaintiff Fails to State a Claim for Induced and Contributory Infringement............8

        1.    Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement......8

        2.    Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement........9

        3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement........11

        4.    Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement................12

    C.    Plaintiff Fails to Plead Personal Jurisdiction and Venue .......................13

V.    CONCLUSION........................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ...................................................................6, 11

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...................6, 12

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..............9

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) ......................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................5

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
   904 F. Supp. 2d 1260 (M.D. Fla. 2012)................................................................11

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ..............6

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)........................................................................................6, 9

*De La Vega v. Microsoft Corp.*,
   2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).......................................................5

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
   No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018)......................12

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)............................................................................11

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
   C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020)......................9

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
   909 F.3d 398 (Fed. Cir. 2018)............................................................................5, 8

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..............................................................................6

*Garcia v. Thor Motor Coach, Inc.*,
   No. 16-20230-CIV, 2016 WL 9376014 (S.D. Fla. Oct. 13, 2016), *report and
   recommendation adopted*, No. 16-20230-CIV, 2017 WL 3112818 (S.D. Fla.
   Jan. 31, 2017)........................................................................................................13

*Garcia v. Thor Motor Coach*,
   No. 16-20230-CIV, 2017 WL 7792717 (S.D. Fla. July 5, 2017), *report and
   recommendation adopted*, 2017 WL 7798661 (S.D. Fla. Oct. 20, 2017)...............13

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)................................................................................................6

*Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*,
   No. 17-1986-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018).................................7

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)...................12

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)............................................................................5, 8

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ..................................................................................5

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 6:14-CV-1017-ORL-22, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015).........10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).......11, 12

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432 ..................................................................................................9, 10

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ...................10

*Simplivity Corp. v. Springpath, Inc.*,
   No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016)................11

*Smith v. Iowa State Repub. Party*,
   No. SA-07-CA-668-XR, 2007 WL 9751549 (W.D. Tex. Oct. 16, 2007), *aff'd*,
   293 F. App'x 246 (5th Cir. 2008) ..........................................................................13

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*VLSI Tech. LLC v. Intel Corp.*,
  C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .......................................9

*WSOU v. Dell Inc., et al.*,
  No. 6-20-cv-00418 .................................................................................................................10

## I.     INTRODUCTION

The First Amended Complaint ("Amended Complaint") should be dismissed because it fails to plausibly allege that Defendants Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. (collectively, "Defendants") have directly and indirectly infringed the claims of U.S. Patent No. 9,164,800 (the "'800 patent"), which generally relate to assigning compute nodes (that process data) to data nodes (that store data) based on a latency cost.

Plaintiff WSOU Investments, LLC fails to plausibly state a claim for direct infringement because it has not alleged that Defendants' accused products meet each and every claim limitation. For instance, the claims require "applying an algorithm" to "determin[e] an assignment objective" for these compute nodes and data nodes, and specifically that the assignment objective is "based on a latency cost."  In the Amended Complaint, however, Plaintiff fails to allege that the accused products ever apply an algorithm to determine an assignment objective based on a latency cost. Instead, Plaintiff offers a conclusory allegation that the accused products may "allocate[] resources," and then separately states that an algorithm may "create assignments."  D.I. 35 ("Am. Compl.") ¶¶ 20–21.  But Plaintiff never ties these bare assertions together to allege what the claims actually require:  applying an algorithm that determines an assignment objective between compute nodes and data nodes specifically based on a latency cost.

The indirect infringement allegations fare no better.  Plaintiff's original complaint alleged knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement.  D.I. 1 ("Original Complaint").  The Amended Complaint tries—and fails—to circumvent that clear rule by alleging knowledge based on a complaint Plaintiff earlier filed and dismissed before filing the present case.  Neither basis is sufficient; Plaintiff still has not adequately alleged pre-suit knowledge of the patent.  The indirect allegations also fail to allege other requisite elements of induced and contributory infringement.

Finally, as with the Original Complaint, Plaintiff's Amended Complaint lacks *any* allegation that the Court has personal jurisdiction over any of the Defendants in this case, or that venue is proper. The Amended Complaint should be dismissed for this additional basis.

## II.   BACKGROUND

### A.   The Amended Complaint

On June 2, 2020, Plaintiff filed the Original Complaint. D.I. 1. On October 5, 2020, Defendants filed a motion to dismiss the Original Complaint for failure to state a claim. D.I. 32. As part of the basis for that motion, Defendants explained that Plaintiff failed to plead personal jurisdiction and venue. *Id.* at 1, 11.

On October 19, 2020, Plaintiff filed the Amended Complaint. Even though Defendants had put Plaintiff on notice that it had failed to plead personal jurisdiction and venue, Plaintiff again failed to plead in the Amended Complaint that the Court has personal jurisdiction over any of the Defendants, and that venue for this case is proper.

### B.   The '800 Patent

Plaintiff asserts that Defendants directly and indirectly infringe at least claim 1 of the '800 patent. *Id.* ¶¶ 22–27. Claim 1 recites:

A method performed by a cloud controller for assigning compute nodes to data nodes, the method comprising:

obtaining, by the cloud controller, a set of compute nodes, a set of data nodes, and a set of edges between compute nodes and data nodes;

**determining an assignment objective** to be achieved in assigning compute nodes from the set of compute nodes to data nodes from the set of data nodes; and

assigning a compute node of the set of compute nodes to a data node of the set of data nodes based on the assignment objective and a plurality of costs associated with the set of edges;

**wherein the assignment objective is based on a latency cost used in obtaining a set of assignments by applying an algorithm**.

'800 patent, 15:23–37 (emphasis added).

The '800 patent generally relates to assigning a compute node to a data node in a network, where the nodes are connected by "edges." *Id.* at 1:30–32; 6:49–54. A "compute node," "process[es] data," and a "data node" stores data. *Id.*; *see also id.* at 6:9–11. In Figure 2 below, compute nodes are labeled with a "C" and data nodes are labeled with a "D." *Id.* at 6:30–47. The lines connecting the nodes are "edges." *Id.* at 6:49–54.



FIG. 2

The '800 patent claims involve a "cloud controller" that makes this assignment according to a determined "assignment objective," or "optimization constraint," that is based on a "latency cost." *Id.* at 7:10–8:54. The patent explains that "latency" is the "network distance" between the two nodes that is associated with the "edges." *Id.* at 6:52–54. The patent further explains that latency may be minimized by assigning compute nodes and data nodes that are "closer" to each other "in terms of geographic or network distance." *Id.* 1:25–29; 6:18–21, 6:23–29.

In Figure 2, the latency cost of assigning a compute node to a data node is signified by a numerical value at the lines between the compute nodes and data nodes, *e.g.*, 2, 12, 8, 13. According to the claims, an assignment objective is determined by "applying an algorithm" to "generate an optimum set of assignments." *Id.* at 8:35–37. The specification states that practically any "known assignment algorithm" can be used. *Id.* at 9:2–4. The patent identifies a number of

possible "assignment objectives" that relate to "minimizing a total latency, minimizing a maximum latency, [and] minimizing a total latency within a limit on maximum latency." *Id.* at 7:10–17.  For instance, minimizing total latency within a limit on maximum latency may involve "avoid[ing] selecting an edge that violates the limit while minimizing the total latency." *Id.* at 7:34–38.

### C.    Plaintiff's Infringement Allegations

Plaintiff alleges that Defendants' products "incorporating VMware's VeloCloud solutions and vSphere software, such as Dell's PowerEdge servers and VxRail appliances" (the "Accused Products") infringe the '800 patent claims.  Am. Compl. ¶ 11.  Plaintiff alleges that the Accused Products "allow administration of hybrid cloud environments and provide resource management." *Id.* ¶ 12.  Other than naming "VMware's VeloCloud solutions" a single time in Paragraph 11 of the Amended Complaint, Plaintiff provides no factual allegations concerning VeloCloud specifically.[1]

Plaintiff's indirect infringement allegations in its Original Complaint amounted to three sentences that parrot the legal elements and a few website links that fail to support Plaintiff's claims.  *See* Original Compl. ¶¶ 25–26.  Those allegations completely failed to allege that Defendants had knowledge of the patent and knowledge of the infringement ***before*** Plaintiff filed suit.  *See id.*

Plaintiff's Amended Complaint fails to fix the deficiencies in the Original Complaint. Plaintiff now alleges knowledge of the patent based on the filing, and dismissal, of an earlier complaint—which was not served—asserting the same patent.  *See* Am. Compl. ¶ 25.

---

[1] On October 14, 2020, Plaintiff served preliminary infringement contentions.  In those contentions, Plaintiff did not identify VeloCloud as an accused product.

### III.    LEGAL STANDARD

#### A.    Direct Infringement

A complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."  The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.").  For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

#### B.    Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both contributory and induced infringement, Plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent

infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Affinity Labs*, 2014 WL 2892285, at *7, 21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.   ARGUMENT

### A.   Plaintiff Fails to State a Claim for Direct Infringement

Plaintiff fails to plausibly allege that the Accused Products meet each and every limitation of the '800 patent claims, including the key limitation requiring the "appl[ication of] an algorithm" to "determin[e] an assignment objective" between compute nodes and data nodes specifically "based on a latency cost."

The *Iqbal/Twombly* standard requires more than a bare-bones allegation that alleged products, like those involving the particular technology in this case, "meet each and every element of at least one claim of the asserted patent." *See, e.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018) (granting dismissal

as to patent claims involving "hardware and software" technology relating to a "transaction receipt system," and holding that "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *see also Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1986-LPS, 2018 WL 5669168, at *11 (D. Del. Nov. 1, 2018) ("In order to adequately plead direct (and indirect and willful) infringement, a plaintiff needs to have pleaded facts that plausibly indicate that the accused products contain *each of the limitations* found in the claim." (emphasis added)).

Here, the claim limitation of "applying an algorithm" to "determine an assignment objective" specifically based on a "latency cost" is particularly significant because, during prosecution, the applicant added this limitation to overcome an obviousness rejection and obtain allowance.  Rosenthal Decl., Ex. A (4/13/15 Response and Amendment) at 1, 13.  Yet, in the Amended Complaint, Plaintiff never alleges that the Accused Products meet this key limitation. At most, Plaintiff vaguely makes separate assertions that the Accused Products "allocate[] resources," and that algorithms "can create assignments."  Am. Compl. ¶¶ 20–21.  But Plaintiff never actually ties these bare arguments together to allege what the claims actually require:  that these algorithms (or any other algorithm) are used to determine assignment objectives between compute nodes and data nodes based on a latency cost specifically.

Finally, Plaintiff attempts to rely on a screenshot that purportedly refers to vSphere 6.7, arguing that "Dell claims that significant improvement in the latency is observed in the new version of vSphere, i.e., VMware vSphere 6.7."  Am. Compl., pages 9–10.  But the screenshot proves that the "latency" cited refers only to the "time it takes (latency) to receive placement

recommendations," rather than "a latency cost used in obtaining a set of assignments by applying an algorithm"—as the claims require.  In other words, the claims specify that a value—"latency cost"—is *used by* "an algorithm" to obtain assignments, whereas the cited document references latency as "the time it takes . . . to receive placement recommendations," *i.e.*, an assignment.  These are two *different* values, which a diligent investigation would have revealed.

Thus, because Plaintiff fails to plausibly allege that Defendants have met each and every limitation of the '800 patent claims, Plaintiff's claim for direct infringement should be dismissed.

## B.    Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement.  Beyond that failing, Plaintiff has further failed to adequately plead any pre-suit knowledge by Defendants of the patent, or pre-suit knowledge by Defendants of alleged infringement.  Plaintiff also fails to plead a specific intent to induce infringement.  And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

### 1.    Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement.  *See supra* § IV.A.  It is axiomatic that "'[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement.'"  *Enplas*, 909 F.3d at 407 (citation omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . . .").  As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement, and these claims should be dismissed.

### 2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims fail because they do not adequately plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require **pre-suit** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement"). Moreover, this Court has held—earlier this year—that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to dismiss. *See Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where plaintiff's only allegation of knowledge were that "Defendant Apple has had knowledge of the '431 Patent since **at least the filing of the original complaint**" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement") (quoting D.I. 28 (Am. Compl.) ¶ 44 (emphasis added)).

The Amended Complaint includes an erroneous footnote that attempts to distinguish *Aguirre* by asserting that "Delaware courts have since rejected this rule." Am. Compl. ¶ 25 n.1. Plaintiff's statement that Delaware has rejected the pre-suit knowledge requirement is incorrect. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge."); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim. For that reason, the complaint itself cannot be the

source of the knowledge required to sustain claims of induced infringement.'") (citation omitted). In any event, *this* Court has expressly adopted the pre-suit knowledge requirement, and continues to do so.  *See, e.g.*, *Parus*, No. 6:19-cv-432, D.I. 54 (W.D. Tex. Feb. 20, 2020).

Despite this clear precedent, Plaintiff's only allegations of knowledge are based on the filing of its prior complaint asserting the same patent, which it inexplicably dismissed:

> ***In May 2020, Brazos filed a suit against Defendants asserting infringement of the same patent and by the same accused products*** that are asserted in this case. Plaintiff dismissed the prior suit before filing this suit. ***As a result of the prior suit, Defendants had notice and actual or constructive knowledge of their infringement of the patent-in-suit since at least May 2020, before the filing of this case***. Further, Defendants had knowledge of their infringement of the patent-in-suit before the filing of this Amended Complaint.

Am. Compl. ¶ 25 (emphasis added).   Like the allegations in *Parus*, WSOU's allegations of knowledge are limited to references to a prior filed complaint and thus fail to state a claim for indirect infringement.  *See id.*; *Parus*, No. 6:19-cv-432, D.I. 54 (W.D. Tex. Feb. 20, 2020).[2]  To make matters worse, Plaintiff's May 19, 2020 complaint was ***never served***, so it cannot form the basis for Defendants' knowledge.  *See* Rosenthal Decl., Ex. B (Docket for *WSOU v. Dell Inc., et al.*, No. 6-20-cv-00418) (showing dismissal prior to service of the complaint).  Allowing Plaintiff to avoid the pre-suit knowledge requirement by filing a complaint, voluntarily dismissing that complaint, and refiling the same complaint two weeks later, would be at odds with the knowledge

---

[2] *See also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself ***or previous complaints in the same lawsuit establish the defendant's knowledge of the patent***.") (emphasis added); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("'Prior to suit' does not mean prior to the current iteration of the Complaint.").

requirement itself.[3]  And, it would elevate form over substance and encourage litigants to use such a tactic to essentially eviscerate the pre-suit knowledge requirement.

Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement are fatal to its indirect infringement claims, and as such these claims should be dismissed.

### 3.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'"  *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).   Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and a few website citations.  *See* Am. Compl. ¶ 26.  Such conclusory allegations fail to present facts that demonstrate:  (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent.  *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that

---

[3] *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global–Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016) ("The suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit.").

would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding Plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient").   To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[4]

Plaintiff's inducement claim should be dismissed because the Amended Complaint is entirely silent on a key requirement of induced infringement.

### 4.   Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'"  *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so.  Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements.  *See* Am. Compl. ¶ 27.  As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use").

---

[4] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

### C.      Plaintiff Fails to Plead Personal Jurisdiction and Venue

In Original Complaint, Plaintiff failed to plead personal jurisdiction and venue.  D.I. 1.  In moving to dismiss that complaint, Defendants clearly pointed out those deficiencies as an additional basis for dismissal.  D.I. 32 at 1, 11.

Despite being put on notice that it had failed to plead personal jurisdiction and venue, Plaintiff filed the Amended Complaint, which again is bereft of any allegation that the Court has personal jurisdiction over Defendants in this action, and venue is proper.  *See* Am. Compl.  On this independent basis, the Amended Complaint should be dismissed.  *See Smith v. Iowa State Repub. Party*, No. SA-07-CA-668-XR, 2007 WL 9751549, at *1 (W.D. Tex. Oct. 16, 2007), *aff'd*, 293 F. App'x 246 (5th Cir. 2008) (granting dismissal where the plaintiff failed to adequately plead personal jurisdiction and venue); *see also Garcia v. Thor Motor Coach, Inc.*, No. 16-20230-CIV, 2016 WL 9376014, at *6 (S.D. Fla. Oct. 13, 2016), *report and recommendation adopted*, No. 16-20230-CIV, 2017 WL 3112818 (S.D. Fla. Jan. 31, 2017) ("[The plaintiff's] existing Complaint . . . makes no allegations about venue whatsoever, nor does it contain allegations about whether [the defendant] is subject to the Court's personal jurisdiction.  Therefore, the Court cannot determine from the pleading itself whether venue is proper here."); *see also Garcia v. Thor Motor Coach*, No. 16-20230-CIV, 2017 WL 7792717, at *7 (S.D. Fla. July 5, 2017), *report and recommendation adopted*, 2017 WL 7798661 (S.D. Fla. Oct. 20, 2017) (dismissing amended complaint for continued failure to plead personal jurisdiction and venue).

"Given that the [Amended] Complaint is silent on venue" and personal jurisdiction, "it is deficient and subject to dismissal."  *Garcia*, 2016 WL 9376014, at *6.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Amended Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend.   Dismissal also should be granted for the additional reason that Plaintiff has failed to plead personal jurisdiction and venue.   Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  October 30, 2020

By:  */s/ Barry K. Shelton*

Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 30, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton
